IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Pineapple34, LLC,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**Sony Electronic Inc.,**<br><br>　　Defendant. | Case No. 6:21-cv-151<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Pineapple34, LLC ("Plaintiff"), through its attorneys, complains of Sony Electronic Inc. ("Defendant"), and alleges the following:

**PARTIES**

1. Plaintiff Pineapple34, LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 539 W. Commerce St, Suite 1983, Dallas, Texas 75208.

2. Defendant Sony Electronic Inc. is a corporation organized and existing under the laws of Delaware that maintains established places of business at 208 Hewitt Dr, Woodway, TX 76712 and 9600 Great Hills Trl, Austin, TX.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

## PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,611,252; 7,181,252 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE FIRST '252 PATENT

8. The First '252 Patent (US 6,611,252) is entitled "Virtual data input device," and issued 08/26/2003. The application leading to the First '252 Patent was filed on 05/17/2000. A true and correct copy of the First '252 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The First '252 Patent was valid and enforceable prior to expiration.

## THE SECOND '252 PATENT

10. The Second '252 Patent is entitled "System and method for performing security functions of a mobile station," and issued 02/20/2007. The application leading to the Second

'252 Patent was filed on 12/10/2002. A true and correct copy of the Second '252 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The Second '252 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE FIRST '252 PATENT

12. Plaintiff incorporates the above paragraphs herein by reference.

13. **Direct Infringement**. Defendant infringed one or more claims of the First '252 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the First '252 Patent also identified in the charts incorporated into this Count below (the "Exemplary First '252 Patent Claims") literally or by the doctrine of equivalents. Upon information and believe, the Exemplary Defendant Products were made, used, sold, offered for sale, and/or imported prior to the expiration of the First '252 Patent. On information and belief, numerous other devices that infringed the claims of the First '252 Patent have been made, used, sold, imported, and offered for sale by or on behalf of Defendant and/or its customers.

14. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary First '252 Patent Claims, by having its employees internally test and use these Exemplary Products, during the time period prior to expiration of the First '252 Patent.

15. Exhibit 3 includes charts comparing the Exemplary First '252 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practiced the technology claimed by the First '252 Patent. As shown in Exhibit 3, each and every claim element of each claim charted maps to an element of the Exemplary

3

Defendant Product(s). Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary First '252 Patent Claims.  Thus, each of the Exemplary Defendant Products infringed at least one claim of the First '252 Patent.

16.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

17.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## COUNT 2: INFRINGEMENT OF THE SECOND '252 PATENT

18.     Plaintiff incorporates the above paragraphs herein by reference.

19.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the Second '252 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the Second '252 Patent also identified in the charts incorporated into this Count below (the "Exemplary Second '252 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the Second '252 Patent have been made, used, sold, imported, and offered for sale by or on behalf of Defendant and/or its customers.

20.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary Second '252 Patent Claims, by having its employees internally test and use these Exemplary Products.

21.     Exhibit 4 includes charts comparing the Exemplary Second '252 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant

Products practice the technology claimed by the Second '252 Patent. As shown in Exhibit 4, each and every claim element of each claim charted maps to an element of the Exemplary Defendant Product(s). Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary Second '252 Patent Claims.

22.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4. Thus, each of the Exemplary Defendant Products infringes at least one claim of the Second '252 Patent.

23.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

24.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.  A judgment that the First '252 Patent is valid and enforceable

B.  A judgment that the Second '252 Patent is valid and enforceable

C.  A judgment that Defendant has infringed directly one or more claims of the First '252 Patent;

D.  A judgment that Defendant has infringed directly one or more claims of the Second '252 Patent;

E.  An accounting of all damages not presented at trial;

F.  A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the First '252 Patent.

G.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the Second '252 Patent.

H.     And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorney fees against Defendant that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 18, 2021          Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
Pineapple34, LLC**